FILED
SEP 23 2009
CLERK'S OFFICE
DETROIT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DARRYL ANTHONY ROBINSON,

        Plaintiff,

v.

        CASE NO. 2:09-12705
        HONORABLE ARTHUR J. TARNOW
        UNITED STATES DISTRICT JUDGE
        HONORABLE DONALD A. SCHEER

BEAK ARUS,        UNITED STATES MAGISTRATE JUDGE

        Defendant,
_____/

## OPINION AND ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN

Darryl Anthony Robinson, ("plaintiff"), presently confined at the Macomb Correctional Facility in New Haven, Michigan, has filed a civil right complaint in this district pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff claims that his constitutional rights were violated by the defendant while he was incarcerated at the Ionia Maximum Correctional Facility. For the reasons stated below, the Court will transfer this matter to the Western District of Michigan for further proceedings.

### I. DISCUSSION

In the present case, all of the actions complained of by plaintiff took place at the Ionia Maximum Correctional Facility in Ionia, Michigan, which is located in the Western District of Michigan. The defendant named in the complaint resides in the Western District of Michigan. Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones,* 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). For the convenience of parties and witnesses, in the interest of

justice, a district court may transfer any civil action to any other district or division where the action might have been brought. See *United States v. P.J. Dick, Inc.,* 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000)(Gadola, J.); 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *Sadighi v. Daghighfekr,* 36 F. Supp. 2d 267, 278 (D.S.C. 1999).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor,* 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)(Gadola, J.).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan. The primary factor in making the determination to transfer venue is that all of the "operative facts" in this case took place at the Ionia Maximum Correctional Facility, which is located in the Western District of Michigan. *Pierce v. Coughlin,* 806 F. Supp. 426, 428 (S.D.N.Y. 1992). Moreover, the witnesses and files necessary to prosecute these claims are located in the Western District of Michigan. For these reasons, transfer of this action to the Western District would be proper. See

*Welch v. Kelly,* 882 F. Supp. 177, 180 (D.D.C. 1995). Because the Ionia Maximum Correctional Facility was the primary situs of the material events in plaintiff's civil rights lawsuit, plaintiff's choice of forum has little weight in the Court's determination. *See Boyd v. Snyder,* 44 F. Supp. 2d 966, 971 (N.D. Ill. 1999). Accordingly, this matter will be transferred to the Western District of Michigan for further proceedings.

## II. ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

_____
**HON. R. STEVEN WHALEN**
UNITED STATES MAGISTRATE JUDGE

DATED: 9/23/09